UNITED STATES DISTRICT COURT

For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CLAYTON COLLINS,<br><br>                Plaintiff,<br>        v.<br><br>CITY OF OAKLAND, et al.,<br><br>                Defendants.<br>_____/ | No. C 13-01493 LB<br><br>**ORDER (1) REGARDING PLAINTIFF'S OPPOSITION TO THE COUNTY OF ALAMEDA'S MOTION TO DISMISS AND (2) CONTINUING THE HEARING ON DEFENDANTS' MOTIONS TO DISMISS** |

Plaintiff Clayton Collins, proceeding *pro se*, filed a complaint on April 3, 2013. Complaint, ECF No. 1. He named 2 entities and 3 individuals as defendants, namely, the City of Oakland, the County of Alameda, Leo Bazile, Antonio Acosta, and Officer Rick Cocanour of the Alameda County Sheriff's Office. *Id.* Mr. Collins also filed an application to proceed *in forma pauperis*. IFP Application, ECF No. 3. The court granted Mr. Collins's IFP Application on April 11, 2013 and ordered the United States Marshal to serve the complaint and summonses upon the defendants. IFP Order, ECF No. 6. For some reason, the Clerk of the Court did not issue the summonses for each of the 5 defendants until June 4, 2013. Issued Summonses, ECF No. 7. The United States Marshal acknowledged receiving the issued summons on June 13, 2013, Acknowledgment, ECF No. 8, and went about attempting to serve the defendants.

The City of Oakland and the County of Alameda must have been successfully served in the end of June or early July 2013 because on July 15, 2013 each of them filed motions to dismiss Mr. Collins's complaint. County of Alameda Motion, ECF No. 11; City of Oakland Motion, ECF No.

12. They noticed their motions for hearing on September 5, 2013.

On July 29, 2013. Mr. Collins filed an opposition to the City of Oakland's motion, Opposition to City of Oakland Motion, ECF No. 20, and on August 5, 2013, the City of Oakland filed a reply, Reply, ECF No. 22.

Apparently, Mr. Collins tried to file an opposition to the County of Alameda's motion, too. On August 1, 2013, the court's chambers received a package that contained two copies of his opposition to the County of Alameda's motion. The copies contains photocopied, rather than original, signatures, so the court's chambers assumed that these copies were the "chambers copies" that parties are required to send. As the court understands the situation, Mr. Collins did not file with the Clerk of the Court a copy of his opposition that contained an original signature, as required. *See* N.D. Cal. Civ. L.R. 5 (setting forth the acceptable methods of filing); *see also* Representing Yourself in Federal Court: A Handbook for Pro Se Litigants (June 2012) at 12-13 (regarding "filing by mail," a pro se litigant is directed to "Mail the sign[ed] original document and a chambers copy to the Court for filing"). Thus, to make up for this confusion, the court has directed the Clerk of the Court to file Mr. Collins's opposition to the County of Alameda's motion as of August 1, 2013. *See* Opposition to County of Alameda Motion, ECF No. 26. To avoid any prejudice to the County of Alameda, it shall have until August 16, 2013 to file a reply.

As for the other defendants, Officer Cocanour was served on July 16, 2013, and to date he has not appeared or responded to Mr. Collins's complaint in any way. Executed Summons (Cocanour), ECF No. 21. And Mr. Bazile and Mr. Acosta were not able to be served because they no longer are employed by the City of Oakland and Mr. Collins did not provide any other contact information for them. Unexecuted Summonses (Bazile and Acosta), ECF No. 17.

This situation presents a problem for the court. 28 U.S.C. § 636(c) provides in relevant part: "Notwithstanding any provision of law to the contrary—(1) Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." This means that the court cannot rule on the County of

Alameda's and the City of Oakland's motions to dismiss because Officer Cocanour has not consented to (or declined) the court's jurisdiction. *See Young v. Williams*, 393 Fed. Appx. 516, 517 (9th Cir. 2010) ("a magistrate judge may, upon the consent of all parties, exercise jurisdiction over all proceedings in a civil matter") (citing 28 U.S.C. § 636(c)); *JPMorgan Chase Bank, N.A. v. Chavez*, No. C 11–5129 PSG, 2011 WL 6760349, at *1 n.3 (N.D. Cal. Dec. 5, 2011) ("This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings." (citing 28 U.S.C. § 636(c)(1); *Tripati v. Rison*, 847 F.2d 548, 548–49 (9th Cir. 1988)).  (Because they have not been served, Mr. Bazile and Mr. Acosta are not "parties" for consent purposes, *see Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)), and therefore the court does not need their consent at this time.)

In light of this situation, and to give Officer Cocanour an opportunity to appear and consent to or decline the court's jurisdiction, the court **CONTINUES** the hearing on the motions to dismiss from September 5, 2013 to September 19, 2013 at 9:30 a.m. in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102.

**IT IS SO ORDERED.**

Dated: August 8, 2013

_____
LAUREL BEELER
United States Magistrate Judge

Case 3:13-cv-01493-LB   Document 27   Filed 08/08/13   Page 4 of 4