UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CLAYTON COLLINS, | No. C 13-01493 LB |
| Plaintiff, | **ORDER (1) DIRECTING THE U.S. MARSHAL TO SERVE OFFICER COCANOUR AND (2) CONTINUING THE HEARING ON DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| CITY OF OAKLAND, et al., | |
| Defendants. | |

Plaintiff Clayton Collins, proceeding *pro se*, filed a complaint on April 3, 2013. He named 2 entities and 3 individuals as defendants, namely, the City of Oakland, the County of Alameda, Leo Bazile, Antonio Acosta, and Officer Rick Cocanour. Complaint, ECF No. 1. So far, both entity defendants and two of the individual defendants (Ms. Bazile and Mr. Acosta) have appeared in this action. All four defendants move to dismiss Mr. Collins's complaint. Motion to Dismiss (Alameda), ECF No. 11; Motion to Dismiss (Oakland), ECF No. 12; Motion to Dismiss (Bazile and Acosta), ECF No. 55.

Officer Cocanour, the third individual defendant, has not been properly served with the complaint and summons. According to a letter filed by Mr. Collins and a declaration filed Sergeant David Vandagriff of the Alameda County Sheriff's Office, it appears that Officer Cocanour was not a member of the Alameda County Sheriff's Office (as Mr. Collins alleges in his complaint) but instead was a member of the City of Alameda Police Department who served, at the time relevant to this action, as a member of Alameda County Sheriff's Sexual Assault Felony Enforcement Task

Force ("SAFE Task Force").  Letter, ECF No. 51; Vandagriff Declaration, ECF No. 52 ¶¶ 3-5. Moreover, it is unclear whether Officer Cocanour even works for the City of Alameda Police Department anymore; Sergeant Vandagriff's declaration states only that Officer Cocanour worked there in 1998 and 1999, and Mr. Collins now suggests that he works in the private sector.  *See* Vandagriff Declaration, ECF No. 52 ¶¶ 3-5; 11/1/2013 Letter, ECF No. 56.

To resolve the issue of his service, the court ordered Mr. Collins to file a letter by Tuesday, October 29, 2013 that provides the Clerk of the Court with a new address to serve Officer Cocanour. 10/18/2013 Order, ECF No. 53 at 2.  The court stated that if Mr. Collins provides the new address, the court will direct the U.S. Marshal to attempt to serve Officer Cocanour at it.  *Id.*  It also warned that if Officer Cocanour still is unable to be served, the court will dismiss him without prejudice from this action as it will have been well past the 120-day deadline for service.  *Id.*; *see* Fed. R. Civ. P. 4(m).

On November 1, 2013, the court received a letter from Mr. Collins, dated October 24, 2013, that provides a new address for Officer Cocanour.  11/1/2013 Letter, ECF No. 56.  Even though the court received the letter a few days after its deadline for submitting it, the court nevertheless **DIRECTS** the U.S. Marshal to serve, without prepayment of fees, a copy of the complaint, any amendments or attachments, Mr. Collins's IFP affidavit, and this order upon Officer Cocanour at the following address:

Rick Cocanour
131 East Tennys Drive
Benicia, California 94510

Furthermore, in light of the court's efforts to get these service problems cleared up, the hearing on defendants' pending motions to dismiss remains is **CONTINUED** from December 19, 2013 to **February 6, 2014 at 9:30 a.m.** in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102.

**IT IS SO ORDERED.**

Dated: November 13, 2013

_____
LAUREL BEELER
United States Magistrate Judge

C 13-01493 LB
ORDER                                        2