UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CLAYTON COLLINS, | No. C 13-01493 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| CITY OF OAKLAND, et al., | [Re: ECF Nos. 11, 12, 55, 65] |
| Defendants. | |

# INTRODUCTION

Plaintiff Clayton Collins, proceeding *pro se*, filed a complaint on April 3, 2013. He named 2 entities and 3 individuals as defendants: the City of Oakland, the County of Alameda, Leo Bazile, Antonio Acosta, and Officer Rick Cocanour. Defendants now move to dismiss Mr. Collins's complaint. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the February 6, 2014 hearing. Upon consideration of the papers submitted and the applicable authority, the court **GRANTS** Defendants' motions to dismiss. The court **DISMISSES WITH PREJUDICE** Mr. Collins's sole federal claim brought pursuant to 42 U.S.C. § 1983 and **DISMISSES WITHOUT PREJUDICE** his state law claims. He may re-file his state law claims in state court.

# STATEMENT

On April 3, 2013, Mr. Collins filed his "Complaint for Damages for Defamation, Malicious Vindictive Prosecution, Fraudulent Concealment of Exculpatory Evidence, Extrinsic Fraud, and

Deprivation of Rights in Violation of 42 U.S.C. 1983" in this court against the City of Oakland, the County of Alameda, Mr. Bazile, Mr. Acosta, and Officer Cocanour.[1]  Complaint, ECF No. 1 at 1-2.[2] It is a form complaint that contains several paragraphs of factual allegations (recited below). *See id.* at 1-6.  Mr. Collins attached to his complaint over 300 additional pages of letters, newspaper articles, and documents related to various legal proceedings.  Mr. Collins did not specifically refer to any of these documents in his allegations.  Instead, they simply are attached, presumably for Defendants and the court to review and consider as support for his allegations.

The documents illuminate facts that are critical to understanding Mr. Collins's factual allegations.[3]  Mr. Collins was an employee of the City of Oakland from 1989 to 1998.  During this time he developed and managed outreach and crime prevention programs for at-risk youth, such as "The Underground Railroad" program.  In 1992, in *People v. Collins*, Case No. 364442 (Alameda County Super. Ct.) (the "364442 Action"), after a court trial, Mr. Collins was convicted of a misdemeanor violation of California Penal Code § 647.6 (annoying/molesting a minor).  The court imposed probation and ordered Mr. Collins to register as a sex offender pursuant to California Penal Code § 290.  Mr. Bazile represented Mr. Collins in this matter.  In 1996, the conviction was set aside and dismissed pursuant to California Penal Code § 1203.4.

In 1999, Mr. Collins was charged with additional crimes.  Officer Cocanour was involved in the investigation supporting the charges.  In *People v. Collins*, Case No. 135229 (Alameda County Super. Ct.) (the "135229 Action"), after a jury trial, Mr. Collins was convicted of a felony violation of California Penal Code § 290(g)(2).  He was sentenced to four years in state prison.  In *People v.*

---

[1] Although Mr. Collins names only the City of Oakland and the County of Alameda in the "Parties" section of his complaint, it is clear from both the caption of his complaint and the number of summonses issued and served, that he intends to name Mr. Bazile, Mr. Acosta, and Officer Cocanour as defendants as well.

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

[3] In addition to allegations in a complaint, on a motion to dismiss a court may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

*Collins*, Case No. 136321 (Alameda County Super. Ct.) (the "136321 Action"), Mr. Collins was charged with violating California Penal Code §§ 261.5(d) (unlawful intercourse with a minor) and 288a(b)(2) (unlawful oral copulation of a minor). All of the charges in the 136321 Action were dismissed in exchange for Mr. Collins waiving his right to appeal his conviction in the 135229 Action.

In his complaint, Mr. Collins seeks redress for conduct allegedly occurring between 1992 and 1999. To avoid confusion, his factual allegations are reproduced in full as follows:

> 5a. Persons employed by the County of Alameda conspired to bring false criminal charges against plaintiff resulting in malicious prosecution and wrongful imprisonment.
>
> 5b. Persons employed by the City of Oakland conspired to and brought false criminal and civil charges against plaintiff, fraudulently concealed exculpatory evidence, and deprived plaintiff of his constitutional rights.
>
> 5c. In 1992 Mayor Elihu Harris, Vice Mayor Leo Bazile and the District Attorney's Office collaborated to set plaintiff up to be convicted of a crime plaintiff did not commit. These city and county employees cut a deal without plaintiff's knowledge with his accusers to convict plaintiff in exchange that his accusers would not go to the press.
>
> 5d. After plaintiff was wrongfully convicted these city and county employees made the master court file disappear with all the exculpatory evidence, along with information that would expose [their] crime of violating plaintiff's civil rights in case # 364442.
>
> 5e. Starting in 1993[,] the City Attorney's office conducted a slander campaign against plaintiff[,] creating a rush of false accusations that led to two city employees bringing false rape charges against plaintiff. Plaintiff recently received information and evidence to prove that the City of Oakland and the County of Alameda employees collaborated with private attorney Pamela Price to conceal information and evidence in both criminal cases and the two civil cases. This information would have surely cleared plaintiff of any wrong doing as well as exposed a conspiracy between the 3 parties.
>
> 5f. In 1999 the Alameda County District Attorney's office charged plaintiff with one county of felony violation of Penal Code 290; this charge was false. The investigating officer of the Alameda County SAFE Task force fabricated evidence to support the charge and lied under oath at trial. This officer is also responsible for setting up the malicious prosecution in case #136321 by collaborating with private attorney Pamela Price and her client by opening up charges that had already been proven false by the reviewing District Attorney in Oakland as well as the Oakland Police Department who investigated this case thoroughly and decided not to arrest or charge plaintiff (attached is Officer Cocanour['s] police report). Officer Cocanour also initiated an illegal investigation and harassed plaintiff in violation of plaintiff's constitutional rights with repeated false arrest and imprisonment.
>
> 5g. The District Attorney's office and the City Attorney's office knew that the charges were false in case # 135229 and 136321. In case #136321, trial Judge

Vernon Nakahara improperly delayed this case from coming to trial in order to force plaintiff out of his right to a new trial in case #135229 as well as plaintiff's right to appeal that case; his actions were equal to torture. Plaintiff was ordered to be locked up in solitary confinement until plaintiff broke down and allowed the county to force a plea deal that would allow the court to escape being exposed for bringing a case that could not be prosecuted. In both cases during trial and pre-trial pertinent information was fraudulently concealed from plaintiff.

5h. In 1999 the State/County of Alameda maliciously charged plaintiff with (6) counts of unlawful sex with a minor in case# 136321 knowing that the charges had already been investigated [] by their office and the Oakland Police Department. Plaintiff had been cleared a year prior to the charges being brought. Sharron Terry aka Alice A. and Trebidea Benson aka Tonsa B. brought these charges at the direction of Antonio Acosta and the City Attorney's office in their attempt to have plaintiff terminated from his job with the City of Oakland. These charges allowed private attorney Pamela Price to file fraudulent lawsuits in Federal Court (civil docket #3:-CV-00290-MHP and civil docket #3:-99-CV-02164-MHP) by giving credibility to her clients['] proven lies.

5i. As plaintiff has stated above[,] he recently received information and evidence that had been fraudulently concealed by the City of Oakland, County of Alameda, their law enforcement agencies and private attorney Pamela Price. This information would have proven that an illegal collaboration existed between these parties and would have had an effect on the outcome of both the civil and criminal cases. These actions violated plaintiff's constitutional rights and caused him great harm.

5j. District Attorney Tom Orloff and Mayor Elihu Harris had full control of the actions of their employees, attorney[]s and law enforcement agencies that committed these violations against the plaintiff between the years 1992 and 1999. Plaintiff believes that the attacks on his freedom and [livelihood] are the results of his public complaint against the Mayor, Vice Mayor and District Attorney's office for their actions related to case #364442 (please see attached record on appeal).

5k. All of plaintiff's attempts to obtain exculpatory information and documentation related to both the civil and criminal cases over the years have been met with obstruction, hostility and cold indifference.

5l. In or around 1999[,] after the fraudulent charges were brought by the District Attorney's office[,] Judge Larry Goodman of Alameda County, Alameda County Public Defender Scott Spear, former Underground Railroad participant Derrick Bedford, and others took illegal possession of plaintiff's privately owned business Collins & Associates/The Underground Railroad and renamed it The Crossroads Program[,] which is in operation to this current date. Plaintiff believes that these three individuals had a hand in criminal charges bring brought for the purpose of taking over plaintiff's counseling service in violation of plaintiff's civil and constitutional rights.

5m. Deputy District Attorney John Jay and Steven D. Dal Porto as well as officer Rick Cocanour lied to the press, the public and on the record during trial proceedings in regards to how these cases (135229 & 136321) were started in an effort to conceal the identity of the parties who ordered the vindictive prosecution that they carried out against plaintiff in violation of plaintiff's civil and constitutional rights.

Complaint, ECF No. 1 ¶¶ 5a-5m. And in his "Demand for Relief," Mr. Collins states as follows:

C 13-01493 LB
ORDER                                      4

> Plaintiff is seeking relief from the illegal order to register under Penal Code section 290 and the removal of plaintiff['s] name from the sex offender registry as well as compensation for damages caused by the wrongful conviction and order to register which includes loss of reputation, loss of employment, and loss of educational opportunity. Plaintiff is seeking compensation for the City of Oakland & County of Alameda['s] participation and support of fraudulent charges being brought in both civil and criminal cases as well as compensation for defamation of character, loss of liberty, public humiliation and ultimately the loss of plaintiff's freedom. Plaintiff is seeking relief in case#135229 in the form of the co[n]viction being vacated, compensation for 4yrs incarceration in CA State Prison, and an investigation into the actions of the city and county employees who participated in the bringing of fraudulent charges and concealment of exculpatory evidence. All parties gave numerous false statements to the press defaming plaintiff's character causing plaintiff great harm in violation of plaintiff['s] civil & constitutional rights.

Complaint, ECF No. 1 ¶ 6. Thus, although he does not separately state them, based on the caption and the allegations in his complaint, it appears that Mr. Collins brings against Defendants one federal claim—for false arrest and false imprisonment in violation of his Fourth Amendment rights and for violation of his Fourteenth Amendment due process rights (brought via 42 U.S.C. § 1983)—and four state claims—for concealment of evidence, extrinsic fraud, malicious prosecution, and defamation. *See generally id.* Mr. Collins, however, does not specify which claims are brought against which Defendants. *See generally id.*

Now that all Defendants have been served, all of them move to dismiss Mr. Collins's complaint. Motion to Dismiss (Alameda), ECF No. 11; Motion to Dismiss (Oakland), ECF No. 12; Motion to Dismiss (Bazile and Acosta), ECF No. 55; Motion to Dismiss (Cocanour), ECF No. 65. Mr. Collins opposes all of their motions. Opposition to Alameda, ECF No. 26; Opposition to Oakland, ECF No. 20; Opposition to Bazile and Acosta, ECF No. 60; Opposition to Cocanour, ECF No. 67.[4]

**ANALYSIS**

**I. LEGAL STANDARD**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

---

[4] All parties to this action have consented to the undersigned's jurisdiction. Consent (Collins), ECF No. 5; Consent (Oakland), ECF No. 14; Consent (Alameda), ECF No. 19; Consent (Acosta), ECF No. 47; Consent (Bazile), ECF No. 48; Consent (Cocanour), ECF No. 66.

C 13-01493 LB
ORDER                              5

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parenthetical omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). This is particularly true where a plaintiff represents himself *pro se*. "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## II. MR. COLLINS'S SOLE FEDERAL CLAIM—HIS § 1983 CLAIM FOR VIOLATION OF HIS CONSTITUTIONAL RIGHTS—MUST BE DISMISSED

Reading his complaint generously, Mr. Collins appears to bring a claim under 42 U.S.C. § 1983 for false arrest and false imprisonment in violation of his Fourth Amendment rights and for violation of his Fourteenth Amendment due process rights. Defendants all argue that his claim is barred by the applicable statute of limitations.

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393

UNITED STATES DISTRICT COURT
For the Northern District of California

F.3d 918, 927 (9th Cir. 2004) (citation omitted); *see also Bd. of Regents v. Tomanio*, 446 U.S. 478, 483-84 (1980) ("Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983—a void which is commonplace in federal statutory law. When such a void occurs, this Court has repeatedly 'borrowed' the state law of limitations governing an analogous cause of action."). California's statute of limitations for personal injury actions is two years. Cal. Code of Civ. Proc. § 335.1; *see Andrews v. Jung*, No. C 12-04614 LB, 2013 WL 4029056, at *2 (N.D. Cal. Aug. 6, 2013) (applying California's two-year statute of limitations); *Morrow v. City of Oakland*, No. C 11-02351 LB, 2012 WL 368682, at *15 (N.D. Cal. Feb. 3, 2012) (same). Federal law determines when a civil rights claim accrues, *Elliott v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir. 1994), and under that law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action, *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

Here, all of Defendants' alleged conduct occurred in the 1990s and Mr. Collins knew of his potential § 1983 claim shortly thereafter. It is clear from Mr. Collins's allegations and the documents attached to his complaint and his opposition briefs, that he knew or had reason to know of his claim years ago. For example, in a letter to Alameda County Superior Court Judge Vernon Nakahara dated April 25, 2000, Mr. Collins asserts that he was the subject of a vindictive prosecution based on false evidence. *See* ECF No. 1-5 at 47-48. He makes similar assertions in a September 9, 2009 letter to the Alameda County Superior Court asking for permission to file a late appeal, *see* ECF No. 1 at 9-10 (acknowledging that it has been almost 20 years since his original prosecution and noting that "it has taken this long because I thought I had no other options for relief"), and an October 18, 2010 letter to the Commission on Judicial Performance, *see* ECF No. 1-3 at 17-26 (acknowledging that the judge presiding over his original prosecution "violated my right to due process and equal protection under the law by ignoring exculpatory evidence at trial and failing to advise me of the penalties and obligations under [California Penal Code §] 290 after I was convicted," which "set in motion twenty years of violations of my constitutional rights"). There are

further examples in the documents Mr. Collins submitted.[5] Also, the basic story found in his complaint—that Defendants conspired against him; that Mr. Bazile did not competently defend him in 1992 at the behest of Mayor Elihu; that Officer Cocanour engaged in a malicious investigation and falsified evidence; etc.—appears to have been presented by Mr. Collins in his state court proceeding initiated by filing a petition on December 21, 2010 for a finding of factual innocence. *See* ECF No. 1 at 19-22 ("Statement of Facts" section of Mr. Collins's opening brief appealing the denial of a writ); ECF No. 1-2 at 7-20 (appellate court opinion recounts the conspiracy claims that Mr. Collins made in his petition for a finding of factual innocence, which he re-filed in April 2011). Thus, based on his own complaint, the court finds that Mr. Collins's § 1983 claim began accruing as early as 2000, meaning that the two-year statute of limitations on his claim began to run over a decade ago. Thus, his claim is well outside the applicable two-year statute of limitations for Mr. Collins's § 1983 claim.

But before determining that his claim is barred, the court must determine whether the statute of limitations may be tolled. Mr. Collins alleges nothing in his complaint in support of tolling, but he argues in his opposition briefs that he has some "recently discovered evidence pointing to" his innocence and shows that there was a conspiracy to violate his federal and Constitutional rights. Opposition to Alameda, ECF No. 26 at 4; *see* Opposition to Oakland, ECF No. 20 at 2-3. He states, however, that he did not identify this "recently discovered evidence" in his complaint because he "intends to use the new evidence for impeachment purposes." Opposition to Alameda, ECF No. 26 at 4-5. Finally, he also asserts that Defendants' statute of limitation argument fails because he "is well within the correct time period to file a complaint after the discovery of fraud." *Id.* at 5. He does not provide specifics regarding the timing of this "discovery," although he does suggest that he may have received some documents from his appellate attorney in 2013). *See* Opposition to

---

[5] Among the documents attached to Mr. Collins's complaint is an incomplete and undated copy of a complaint that appears to be for filing in Alameda County Superior Court. *See* ECF No. 1-3 at 1-8. There is no file stamp so the court cannot be sure if it was filed or not. In any case, the court notes that the complaint alleges, among other things, a defamation claim and a § 1983 claim against the City of Oakland and Mr. Acosta for acts that Mr. Collins alleged in the complaint in this action.

C 13-01493 LB
ORDER                                        8

1  Oakland, ECF No. 20 at 3.

2  All of these statements suggest that Mr. Collins argues that the two-year statute of limitations is tolled based on California's "delayed discovery rule." Under this rule, the accrual of an action may be postponed and the running of the limitations period tolled "until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). A plaintiff has reason to discover a cause of action when she "has reason at least to suspect a factual basis for its elements." *Id.*; *see also S.M. v. Los Angeles Unified Sch. Dist.*, 184 Cal. App. 4th 712, 717 (2010) ("[W]e look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them."). The discovery rule delays accrual only until the plaintiff has, or should have, inquiry notice of the cause of action. *Fox*, 35 Cal.4th at 807-08. To rely on the discovery rule for delayed accrual of a cause of action, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show: (1) the time and manner of discovery; and (2) the inability to have made earlier discovery despite reasonable diligence." *McKelvey v. Boeing N. Am., Inc.*, 74 Cal. App. 4th 151, 160 (1999). In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to "show diligence" as "conclusory allegations will not withstand demurrer." *Id.* In other words, plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Fox*, 35 Cal. 4th at 808-09.

Mr. Collins does not meet this standard. First, he does not identify the "recently discovered evidence" or allege that this evidence remained hidden from him despite his reasonable diligence. Second, he does not explain how or when his attorney received any new documents or cite any authority suggesting that he, rather than his attorney, must possess the documents to start the accrual of his claim. Third, and perhaps most importantly, he does not describe how not having this new evidence earlier prevented him from knowing about his potential § 1983 claim. Indeed, as described above, documents attached to Mr. Collins's complaint show that he was making his conspiracy-type claims against Defendants in letters going back over a decade. That there might be "recently discovered evidence" does not mean that his potential § 1983 claim did not accrue years ago or that

he could not have brought his claim within the limitations period. It goes to the strength of his claim, not his notice of it. In short, Mr. Collins cannot show that the two-year statute of limitations should be tolled under California law.

Accordingly, the court finds that Mr. Collins's § 1983 claim must be dismissed because it is barred by the applicable two-year statute of limitations and Mr. Collins does not, and cannot, allege facts to support tolling. His § 1983 claim is **DISMISSED WITH PREJUDICE**.

Even if Mr. Collins's claim was not barred by the statute of limitations, it would also fail, to the extent that he alleges judicial error, because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As Defendants point out, in *Heck v. Humphrey*, the Supreme Court held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87.

Here, Mr. Collins seeks relief from the "fraudulent charges" brought against him and asks for, in addition to damages, an order vacating his convictions. Complaint, ECF No. 1 at 7. Thus, a judgment in his favor would necessarily imply the invalidity of his convictions. Because Mr. Howard has not demonstrated that his convictions have already been invalidated, under *Heck*, his § 1983 claim must be **DISMISSED WITH PREJUDICE**.

### III. IN LIGHT OF THE COURT'S DISMISSAL OF MR. COLLINS'S SOLE FEDERAL CLAIM, THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER HIS REMAINING STATE LAW CLAIMS

While courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or

1  controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may
2  decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has
3  original jurisdiction," *id*. § 1367(c)(3).  Indeed, unless "considerations of judicial economy,
4  convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction,
5  "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v.*
6  *Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350
7  (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the
8  litigation, the values of judicial economy, convenience, fairness, and comity."); *accord City of*
9  *Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997).

10  Because Mr. Collins does not state a viable federal claim, and upon consideration of the factors
11  mentioned above, the Court declines to exercise supplemental jurisdiction over his state law claims.
12  Accordingly, Mr. Collins's state law claims are **DISMISSED WITHOUT PREJUDICE**.  As far as
13  this court is concerned, he may re-file them in state court.

### CONCLUSION

15  Based on the foregoing, the court **GRANTS** Defendants' motions to dismiss.  The court
16  **DISMISSES WITH PREJUDICE** Mr. Collins's § 1983 claim, which is his only federal claim.
17  The court declines to exercise supplemental jurisdiction over his remaining state law claims and
18  **DISMISSES** them **WITHOUT PREJUDICE**.  The Clerk of the Court shall close the file.
19  **IT IS SO ORDERED.**
20  Dated: February 3, 2014

_____
LAUREL BEELER
United States Magistrate Judge

C 13-01493 LB
ORDER                     11